IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA CARTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:18-CV-01526-K |
| v. | § | |
| | § | JURY DEMANDED |
| CHILDREN'S HEALTH SYSTEM OF | § | |
| TEXAS d/b/a CHILDREN'S HEALTH | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT AND JURY DEMAND**

**Jurisdiction and Venue**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.  This is a suit in equity and at law authorized and instituted pursuant to 42 U.S.C. § 1981 and 1981(a) and it seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that the unlawful employment practices alleged below were and are being committed within the State of Texas and the Northern District of Texas.

II.

**Parties**

3.      At all relevant times, Plaintiff was an  African American citizen of the United States and resident of Dallas County, Texas.  Plaintiff was employed by defendant at a facility in the Northern District of Texas, Dallas Division.  Plaintiff has been subjected to unlawful employment practices committed in the State of Texas, Northern District, Dallas Division.

4.      Defendant Children's Health System of Texas d/b/a Children's Health

(hereinafter "Children's Health" or defendant) is a nonprofit corporation who operates in the Northern District of Texas, Dallas Division. Defendant maintains and administers records relevant to its employment practices within said district and division.

III.

### Conditions Precedent

5.   All conditions precedent to maintaining this Complaint have been satisfied.

IV.

### Facts Applicable to All Causes of Action

6.   Plaintiff is an African American citizen of the United States of America. At all times relevant hereto plaintiff was employed with defendant as a dispatcher in their facility located in Dallas, Texas until the date of her illegal termination on or about June 16, 2017. During the course of her employment, in March of 2017, Plaintiff made complaints to management about being bullied and harassed by Secilia Placencia, a non-African American Hispanic employee whom she said was giving preference to Hispanic employees and creating a hostile environment for African American employees.

7.   In April of 2017, Plaintiff complained about favoritism being given to non-African Hispanic employees in the terms and conditions of employment including not permitting African American employees to work from home and giving preference to Hispanics in the scheduling of shifts. Specifically, Plaintiff complained again that Secilia Placencia, a non-African American Hispanic employee, was giving preference to Hispanic employees over African American employees. Following an investigation, in May of 2017, the scheduling was corrected so that it was fair and equitable to Plaintiff and other African American employees. After the correction of the scheduling, Ms. Placencia confronted Plaintiff and told her that she knew that Plaintiff

---

was the person who complained about the scheduling.

8.      After the scheduling correction and after Ms. Placencia confronted her, Plaintiff was advised by an HR employee that they were conducting an investigation into allegations that she had shoved Secilia Placencia.  Rather, it was Ms. Placencia who was the aggressor towards Plaintiff on the occasion in question.  Plaintiff flatly denies that she shoved Ms. Placencia and there are witnesses to corroborate this.   Nontheless, Defendant terminated Plaintiff and did not terminate Ms. Placencia.

V.

**Cause of Action - 42 U.S.C. § 1981**

9.      The conduct of the defendant in terminating plaintiff's employment constituted discrimination and retaliation in violation of 42 U.S.C. §1981 and §1981(a) rendering the defendant employer liable for compensatory damages, exemplary damages, costs and attorneys fees for which suit is brought.

10.      Defendant's actions complained of herein were taken with malice or with a conscious disregard for plaintiff's state and federally protected rights, making an award of exemplary damages appropriate.

**Request for Relief**

ACCORDINGLY, plaintiff respectfully requests that this Court advance her case on the docket and grant her the following relief:

a.      Grant plaintiff a permanent injunction, enjoining defendant, its agents, employees, successors, and attorneys from continuing to discriminate and retaliate against plaintiff on account of her race and from continuing to retaliate against her;

b.    Grant plaintiff a declaratory judgment, declaring defendant's past practices herein complained of to be in violation of federal law;

c.    Grant plaintiff backpay, front pay, retroactive seniority, loss of benefits including health insurance and retirement compensation, compensatory damages, and any other necessary equitable and legal relief to compensate her;

d.    Grant plaintiff immediate reinstatement;

e.    Grant plaintiff actual and compensatory damages;

f.    Grant plaintiff punitive damages;

g.    Grant plaintiff attorney fees and costs; and

h.    Grant such other general relief to which plaintiff shows herself justly entitled.

JURY DEMAND

Plaintiff demands a jury with respect to all issues so triable.

Respectfully Submitted,

**THORPE & HATCHER**
4925 Greenville Ave.
Suite 200
Dallas, Texas 75206-0500
214/969-5500
214/969-9060 FAX

By:   /s/Carla S. Hatcher
        Steven B. Thorpe
        State Bar No. 19990500
        Carla S. Hatcher
        State Bar No. 09219500

**ATTORNEYS FOR PLAINTIFF**